1  David E. Mastagni (SBN 204244)
   Tashayla D. Billington (SBN 307050)
2  MASTAGNI HOLSTEDT
   A Professional Corporation
3  1912 I Street
   Sacramento, California 95811-3151
4  Telephone: (916) 446-4692
   Facsimile: (916) 447-4614
5  davidm@mastagni.com
   tbillington@mastagni.com
6
   Attorneys for Plaintiffs
7  PHILIP WEBSTER, ROY TODD, ALBERT A. MENDOZA,
   NADINE GRUNEICH, and DAVID MARTIN
8
   Michael D. Youril, Bar No. 285591
9  myouril@lcwlegal.com
   Lisa S. Charbonneau, Bar No. 245906
10 lcharbonneau@lcwlegal.com
   LIEBERT CASSIDY WHITMORE
11 A Professional Law Corporation
   135 Main Street, 7th Floor
12 San Francisco, California 94105
   Telephone:  415.512.3000
13 Facsimile:  415.856.0306

14 Randall Hakes, Bar No. 233548
   randall.hakes@smud.org
15 SACRAMENTO MUNICIPAL UTILITY DISTRICT
   6201 S Street, Mail Shop B406
16 Sacramento, California 95817
   Telephone: (916) 732-7416
17 Facsimile: (916) 732-6581

18 Attorneys for Defendant
   SACRAMENTO MUNICIPAL UTILITY DISTRICT

19

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP WEBSTER, ROY TODD, ALBERT A. MENDOZA, NADINE GRUNEICH, and DAVID MARTIN, on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO MUNICIPAL UTILITY DISTRICT,<br><br>Defendant. | Case No.: 2:20-cv-01986-WBS-DB<br><br>Complaint Filed: October 2, 2020<br><br>**JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE** |

Plaintiffs PHILIP WEBSTER *et al.*, ("Plaintiffs"), and Defendant SACRAMENTO MUNICIPAL UTILITY DISTRICT ("Defendant" or "SMUD"), collectively referred to as Parties, by and through their respective counsel, hereby stipulate as follows:

WHEREAS, SMUD implemented changes to its FLSA overtime practices effective July 31, 2020 and issued Plaintiffs back wages, covering the period of April 27, 2017 to July 30, 2020, on August 21, 2020 (Declaration of David E. Mastagni ("Mastagni Dec.") ¶15; (Declaration of Randall Hakes ("Hakes Dec."), ¶¶5,6));

WHEREAS, on October 2, 2020, Plaintiff Philip Webster filed a putative collective action entitled *Philip Webster, et al. v. Sacramento Municipality Utility District*, Case No. 2:20-cv-01986-WBS-DB, in the United States District Court, Eastern District of California ("Action" or "Complaint") alleging SMUD violated the overtime payment provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201, *et seq.* (Dkt. No. 1.);

WHEREAS, the Court has jurisdiction over the subject matter of this Action and over the Parties pursuant to 28 U.S.C. section 1331;

WHEREAS, in October and November 2020, thirty-six individuals filed consents to join this Action (Dkt. No. 1-2; Dkt. No. 4);

WHEREAS, seven Plaintiffs did not have valid FLSA claims and were not issued the August 21, 2020 back payment.  In the event this Action was to proceed to trial and Plaintiffs prevailed, those seven Plaintiffs would not be entitled to the recovery of liquidated damages, therefore, in January and March 2021, those seven Plaintiffs voluntarily dismissed their actions against Defendant (Mastagni Dec. ¶ 20); (Dkt. No. 10; Dkt. No. 13);

WHEREAS, all current Plaintiffs are employed by Defendant as security officers, are members of a collectively-bargained employee organization called the Public Safety Officer's Association ("PSOA"), and are entitled to premium overtime compensation under the FLSA for hours worked in excess of forty per week (Hakes Dec., ¶ 4);

WHEREAS, Plaintiffs sought recovery of allegedly unpaid overtime compensation and liquidated damages in an equal amount under a three-year statute of limitations, as well as attorneys' fees, and costs, based on Defendant's alleged failure to include all "statutorily required

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1  forms of compensation" in the FLSA regular rate of pay used to calculate overtime compensation
2  due to Plaintiffs under the FLSA;

3  WHEREAS, Defendant disputes the applicability of the FLSA to the facts alleged in the
4  Complaint and specifically disputes that any, unpaid overtime, liquidated damages, or other
5  amounts are owed to Plaintiffs based on the allegations in the Complaint (Hakes Dec., ¶¶ 5-7,
6  14);

7  WHEREAS, the Parties have engaged in substantive, arms-length settlement negotiations
8  in an effort to resolve this Action without further litigation. The negotiations have included the
9  exchange of significant legal briefing, SMUD providing Plaintiffs with relevant payroll and
10 timekeeping data and other information pertinent to their claims, and an informal settlement
11 meeting attended by both Parties on October 29, 2020 (Mastagni Dec. ¶17; Hakes Dec. ¶¶ 8-9);

12 WHEREAS, throughout these arms-length settlement negotiations, both Parties were, and
13 continue to be, represented by counsel experienced in labor and employment matters, including
14 wage and hour and FLSA litigation (Mastagni Dec. ¶¶5-11; Hakes Dec. ¶¶ 1-3);

15 WHEREAS, the Parties wish to avoid the potential uncertainty, expense, and delay of
16 further litigation and have therefore, based upon their arms-length negotiations, agreed to a
17 settlement of the Action, the terms of which are embodied in the Settlement Agreement and
18 Release of Claims ("Settlement Agreement") that all Parties have executed, a true and correct
19 copy of which is attached to the Declaration of David. E. Mastagni as Exhibit A and incorporated
20 by reference;

21 WHEREAS, courts have determined that the provisions of the FLSA are mandatory and
22 cannot generally be waived by contract or otherwise settled unless the settlement is supervised by
23 the Secretary of the U.S. Department of Labor or approved by a district court (*Lynn's Food*
24 *Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982);

25 WHEREAS, when employees bring a private action for compensation under the FLSA
26 and present the district court a proposed settlement, the district court may enter a judgment after
27 reviewing the settlement for fairness and, if the proposed settlement reflects a reasonable
28

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Joint Stipulation   3   *Webster, et al., v. SMUD*
Case No. 2:20-cv-01986-WBS-DB
9606802.1 CA201-006

1  compromise over issues that are actually in dispute, the district court has the power to approve the

2  settlement to "promote the policy of encouraging settlement of litigation" (*Id.* at 1354);

3      WHEREAS, district courts in California follow the analytical framework outlined in

4  *Lynn's Food Stores, Inc. v. United States*. (*See, e.g., Selk v. Pioneers Memorial Healthcare*

5  *District,* 159 F.Supp.3d 1164, 1172 (S.D. Cal. 2016) (FLSA claims may be waived through court

6  supervised settlement agreement) (citation omitted); *Nen Thio v. Gengi, LLC*, 14 F.Supp.3d 1324,

7  1333-34 (N.D. Cal. 2014) (court has the power to approve FLSA settlement that is "a fair and

8  reasonable resolution of a bona fide dispute" [citation omitted]);

9      WHEREAS, the Parties have agreed that Plaintiffs will release their claims and dismiss

10 this case with prejudice in exchange for receipt of a total settlement amount of $12,400.00

11 (Mastagni Dec. ¶19; Hakes Dec. ¶11);

12     WHEREAS, $7,403.87 of the settlement amount will be allocated to the Plaintiffs

13 according to the schedule attached as Exhibit A to the Settlement Agreement.  The settlement

14 amount paid to each Plaintiff is in addition to and equal to the back overtime payments SMUD

15 voluntarily issued each Plaintiff on August 21, 2020 and represents potential liquidated damages

16 asserted on those amounts.  Despite the parties' disagreement about whether liquidated damages

17 are due in this case, the payments paid in August 2020, together with the payments agreed to in

18 this matter, represent complete relief, i.e. full back pay and an equal amount in liquidated

19 damages for the maximum recovery period (Mastagni Dec. ¶¶15, 19; Hakes Dec. ¶¶ 10-11);

20     WHEREAS, the Parties agree that the calculation of the payment for each Plaintiff is fair

21 and complies with or exceeds what the FLSA requires in this instance (Mastagni Dec. ¶22; Hakes

22 Dec. ¶ 10);

23     WHEREAS, Defendant presented evidence purportedly demonstrating that Defendant's

24 conduct was in "good faith" and not "willful" as those terms are defined in the FLSA, thus

25 limiting Plaintiffs to a two-year liability period and defeating Plaintiffs' liquidated damages

26 claim.  Based on this evidence, Defendant alleges the payments issued to Plaintiffs on August 21,

27 2020 fully satisfied its FLSA back overtime pay obligations (Hakes Dec. ¶¶5-7,14);

28

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

1  WHEREAS, the Parties' Settlement Agreement resolves a bona fide dispute regarding legitimate questions over the existence and extent of Defendant's liability, if any, in this Action (Mastagni Dec. ¶23; Hakes Dec. ¶¶14, 15);

WHEREAS, the potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of the Settlement Agreement are fair and reasonable and consistent with and within the range of a reasonable result Plaintiffs might expect to obtain if they prevailed after a trial (Mastagni Dec. ¶ 22; Hakes Dec. ¶12-14,16-17);

WHEREAS, the Settlement Agreement also provides for a payment of $4,996.13 to Plaintiffs' counsel: $4,546.13 of which are attorneys' fees and $450.00 are costs. $4,546.13 represents approximately thirty-six (36) percent of the total recovery. "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." (*Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F.Supp.3d 1164, 1180 (S.D. Cal. 2016); see also 29 U.S.C. § 216(b) [providing that, in a FLSA action, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."]) "Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method" for awarding attorneys' fees. (*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)) (Mastagni Dec. ¶¶ 29, 30);

WHEREAS, the Ninth Circuit has generally set a twenty-five (25) percent benchmark for the award of attorneys' fees in common fund cases. (*Id.* at 1047–48; see also *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ["[C]ourts typically calculate 25 percent of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."]) Reasons to vary the benchmark award may be found when counsel achieves exceptional results for the class, undertakes "extremely risky" litigation, generates benefits for the class beyond simply the cash settlement fund, or handles the case on a contingency basis. (*Vizcaino*, *supra*, 290 F.3d at 1048–50; see also *In re Online DVD–Rental Antitrust Litig.*, 779 F.3d 934, 954–55 (9th Cir. 2015.)) Ultimately, however, "[s]election of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." (*Vizcaino*, *supra*, 290 F.3d at

1048.) The Ninth Circuit has approved the use of lodestar cross-checks as a way of determining the reasonableness of a particular percentage recovery of a common fund. (*Id.* at 1050 ["Where such investment is minimal, as in the case of an early settlement, the lodestar calculation may convince a court that a lower percentage is reasonable. Similarly, the lodestar calculation can be helpful in suggesting a higher percentage when litigation has been protracted."]; see also *In re Online DVD–Rental*, *supra*, 779 F.3d at 955);

WHEREAS, thirty-six (36) percent is above the benchmark for an award of attorneys' fees, thirty-six (36) percent is only slightly above comparable awards in other cases. (*See Slezak v. City of Palo Alto*, No. 16-cv-03224-LHK, 2017 WL 2688224, at *3 (N.D. Cal. June 22, 2017) [approving attorneys' fees and costs award of $52,069 in a settlement of a FLSA collective action, which was 31% of the total settlement amount]; *Fernandez v. Victoria Secret Stores, LLC*, 2008 WL 8150856 (C.D. Cal. July 21, 2008) [awarding 34% of the common fund in attorneys' fees in a wage and hour class action settlement]; *Hightower v. JPMorgan Chase Bank, N.A.* 2015 WL 9664959 (C.D. Cal., Aug. 4, 2015) [approving attorneys' fees of 30% of the settlement fund]; *Garcia v. Gordon Trucking, Inc.*, 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012) [approving fees in the amount of 33% of the common fund]; *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *17 (N.D. Cal. Feb. 2, 2009) ["nearly all common fund awards range around 30 percent"]; *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491–92 (E.D. Cal. 2010) [citing to wage and hour cases where courts approved awards ranging from 30 to 33%]; *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104 (C.D. Cal., April 24, 2014), at *8 [approving an attorneys' fee award of 33.33%]; *Selk*, *supra*, 159 F.Supp.3d at 1180 [approving attorneys' fees and costs award of $22,000 in a settlement of a FLSA collective action, which was 45% of the total settlement amount]; *Goodwin v. Winn Mgmt. Grp. LLC*, No. 1:15-cv-00606-DAD-EPG, 2018 WL 1036406, at *7 (E.D. Cal. Feb. 23, 2018) [approving attorneys' fees of $75,000 in a settlement of a class action and FLSA collective action, which was 30% of the total settlement amount]);

WHEREAS, the court turns to the lodestar amount to cross-check whether a thirty-six (36) percent award of attorneys' fees is appropriate here. Where a lodestar is merely being used as a

cross-check, the court "may use a 'rough calculation of the lodestar.'" (*Bond v. Ferguson Enters., Inc.*, No. 1:09–cv–1662 OWW MJS, 2011 WL 2648879, at *12 (E.D. Cal. June 30, 2011) [quoting *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06–04149 MMM (SHx), 2008 WL 8150856 (C.D. Cal. July 21, 2008.)]) The court typically applies a lodestar multiplier after multiplying a reasonable hourly rate by the number of hours worked. "Multipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation." (*Van Vranken v. Atl. Richfield Co.*, 901 F.Supp. 294, 298 (N.D. Cal. 1995) [citing *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 549 (S.D. Fla. 1988)]; see also 4 Newberg on Class Actions § 14.7 [courts typically approve percentage awards based on lodestar cross-checks of 1.9 to 5.1 or even higher, and "the multiplier of 1.9 is comparable to multipliers used by the courts"]);

WHEREAS, judges in the Eastern District have previously defined the prevailing rates in the Eastern District to be $540-$695 for partners and $300-490 for associates, based on seniority and experience, and $180 for paralegals, for the purposes of calculating a lodestar to cross-check a common fund recovery. (*Zakskorn v. Am. Honda Motor Co.*, No. 2:11-cv-02610-KJM, 2015 WL 3622990, at *15 (E.D. Cal. June 9, 2015); see also *Ogbuehi v. Comcast of California/Colorado/Florida/Oregon, Inc.*, No. 2:13-CV-00672-KJM, 2015 WL 3622999, at *12 (E.D. Cal. June 9, 2015) [finding rates of $650 per hour for an attorney with 19 years of experience, $250 per hour for an attorney with two (2) years of experience, and $150-175 per hour for paralegals as reasonable for purposes of calculating a lodestar to cross-check a common fund recovery]; *Emmons v. Quest Diagnostics Clinical Labs, Inc.*, No. 1:13–cv–00474–DAD–BAM, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017) [approving between $370 and $495 for associates, and between $545 and $695 for senior counsel and partners]; *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452 (E.D. Cal. 2013) [awarding between $280 and $560 per hour for attorneys with two to eight years of experience, and $720 per hour for attorney with 21 years of experience]; *Gong–Chun v. Aetna Inc.*, No. 1:09–cv–01995–SKO, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) [awarding between $300 and $420 per hour for associates, and between $490 and $695 per hour for senior counsel and partners]) (Mastagni Dec. ¶ 31);

WHEREAS, applying the hourly rates previously approved in *Zakskorn* as reasonable for lodestar purposes to the hours reasonably expended by Plaintiffs' counsel on this matter to date would result in a range of fees from $10,170.00 on the low end to $15,335.00 on the high end for the two primary attorneys on this matter. Instead, Plaintiffs' counsel seeks approval of a substantially reduced amount ($4,996.13) for all firm time and costs expended on this matter, including hours reasonably expended by paralegals and legal staff. Therefore, in light of the extraordinary recovery afforded to Plaintiffs and the lodestar cross-check, this Court should approve the fees and costs (Mastagni Dec. ¶ 32);

WHEREAS, the Parties believe the agreed-upon amounts to be paid to Plaintiffs' counsel are fair and reasonable;

WHEREAS, all individual Plaintiffs have already executed the proposed Settlement Agreement, agreeing to the proposed individual settlement payments;

WHEREAS, the Parties jointly request the Court find the Settlement Agreement to be a fair and reasonable negotiated resolution of a bona fide dispute, and that this Court approve the Settlement Agreement and enter dismissal of the Action via an order;

WHEREAS, this is a no-fault settlement and the Parties enter into this agreement without admitting to any fault, wrongdoing, or liability;

WHEREAS, the Parties notified the Court of settlement on January 14, 2021 (Dkt. No. 7). In response, on January 15, 2021, the Court ordered the Parties to file settlement disposition documents no later than March 29, 2021 (Dkt. No. 8). On January 20, 2021 the Court vacated the date for Defendant to respond to Plaintiffs Complaint (Dkt. No. 11);

WHEREAS, on March 29, 2021, the Court extended the deadline for the Parties to file settlement disposition documents to April 30, 2021 (Dkt. No. 15);

WHEREAS, the Parties hereby submit this stipulation pursuant to the Court's January 20, 2021 and March 29, 2021 orders;

WHEREAS, by entering into this Stipulation and requesting Court approval, the Parties do not intend that the Court should make any findings or determination regarding the law.

NOW THEREFORE, it is stipulated and agreed between the Parties that:

1. The Settlement Agreement contains a fair, reasonable, and just negotiated resolution to the current disputes between the Parties as set forth in the Complaint;
2. The Court should approve the Settlement Agreement by signing the Order attached to this Stipulation;
3. The Court should reserve jurisdiction over the Action for purposes of enforcing the Settlement Agreement; and
4. Upon the Court's approval of the Settlement Agreement, the Action should be dismissed with prejudice.

Respectfully Submitted,

Dated: April 26, 2021        **MASTAGNI HOLSTEDT, A.P.C.**

By:   */s/ David E. Mastagni*
      DAVID E. MASTAGNI
      Attorneys for Plaintiffs

Dated: April 21, 2021        **LIEBERT CASSIDY WHITMORE**

By:   */s/ Lisa S. Charbonneau (as authorized on 4/21/21)*
      LISA S. CHARBONNEAU
      Attorney for Defendant

Dated: April 21, 2021        **SACRAMENTO MUNICIPAL UTILITY DISTRICT**

By:   */s/ Randall Hakes (as authorized on 4/21/21)*
      RANDALL HAKES
      Attorney for Defendant