DAVID E. MASTAGNI, ESQ. (SBN 204244)
TASHAYLA D. BILLINGTON, ESQ. (SBN 307050)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 "I" Street
Sacramento, CA 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
davidm@mastagni.com
tbillington@mastagni.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP WEBSTER, ROY TODD, ALBERT A. MENDOZA, NADINE GRUNEICH, and DAVID MARTIN, on behalf of themselves and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO MUNICIPAL UTILITY DISTRICT,<br><br>Defendant. | Case No. 2:20-cv-01986-WBS-DB<br><br>**DECLARATION OF DAVID E. MASTAGNI IN SUPPORT OF JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE** |

I, David E. Mastagni, declare:

1.      I am an attorney at law duly licensed to practice in the State of California and am admitted to practice before the Eastern District of California. I am a partner with the law firm of Mastagni Holstedt, A.P.C., attorneys of record for Plaintiffs Philip Webster, et al. ("Plaintiffs") in the matter of *Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. If called upon to testify, I could and would competently testify to the following facts from my own personal knowledge.

2.      I attended the University of California, Boalt Hall School of Law obtaining my Juris Doctorate in May, 1999. I was a member of the California Law Review and an associate editor of

Declaration of David E. Mastagni in Support of
Joint Stipulation                                   1                    *Webster, et al., v. SMUD*
Case No. 2:20-cv-01986-WBS-DB

the Berkeley Journal of Employment and Labor Law. After successfully passing the State Bar exam, I was admitted to practice on December 8, 1999.

3.    I have been rated by Martindale-Hubble with the highest Peer Review Rating of "AV Preeminent" and was named to Super Lawyers Northern California Rising Stars from 2011-2014 and to Super Lawyers Northern California 2015-2020. I was named to the Best of Bar from 2013-2016 by the Sacramento Business Journal. From 2015-2020 I have been named to Top Attorneys in Sacramento by Sacramento Magazine.

4.    I am admitted to all California Courts, the U.S. District Courts for the Northern, Eastern, Southern, and Central District of California, the U.S. Court of Appeals for the Ninth Circuit, and United States Supreme Court. I am a member of the American Bar Association, Section of Labor and Employment Law; Labor and Employment Law Section of the State Bar of California; Sacramento County Bar Association; AFL-CIO Lawyers Coordinating Committee; California Employment Lawyers Association; and American Association for Justice.

5.    I have devoted my entire legal career to labor and employment representation and litigation with an emphasis on wage and hour litigation, complex civil, class-action, and collective-action litigation matters. I also devote my practice to representation of public safety unions and their members with respect to all aspects of their employment. The cases I have handled include but are not limited to claims arising out of the U.S. and California Constitutions, Fair Labor Standards Act, the California Civil and Labor Codes, the Public Safety Officers' Procedural Bill of Rights Act, the Meyers-Milias-Brown Act, and other statutes guaranteeing labor and employment rights to employees.

6.    I have over twenty years of experience litigating wage and hour and employment law matters. I have litigated and settled numerous lawsuits alleging violations of the Fair Labor Standards Act ("FLSA") including: *Fay, et al. v. The Wackenhut Corporation, et al.* (San Mateo County Superior Court) which resulted in a $1,750,000 settlement of a lawsuit brought under state wage and labor laws on behalf of 203 current and former Wackenhut Corporation security officers; *Gupton v. Tri Counties Bank* (Butte County Superior Court (consolidated cases)), resulting in a class action settlement of $1,900,000; *Khanna, et. al. v. Intercon Security Systems, Inc.*, an FLSA/state

Declaration of David E. Mastagni in Support of
Joint Stipulation                                          2                    *Webster, et al., v. SMUD*
Case No. 2:20-cv-01986-WBS-DB

law hybrid class action settlement for $390,000; *Abubakar, et al. v. County of Solano,* a court approved FLSA settlement of $1,425,000 on behalf of over 170 Solano County correctional officers; *Anderson, et al. v. County of Tulare*, a wage and hour case brought pursuant to the FLSA involving approximately 95 plaintiffs which successfully settled for $1,100,000; *Alba v. City and County of San Francisco*, a wage and hour case brought pursuant to the FLSA involving approximately 353 San Francisco Deputy Sheriffs which settled for approximately $625,000; *Abbott v. County of Sacramento*, a wage and hour case brought pursuant to the FLSA involving approximately 100 Sacramento County Deputy Sheriffs' claims for work performed doing patrol ride-alongs which settled for approximately $900,000; *Ahrens v. City of Roseville*, a wage and hour case brought pursuant to the FLSA involving approximately 60 Roseville Police Officers which settled for approximately $180,000; *Belmont v. County of San Mateo*, a wage and hour case brought pursuant to the FLSA involving approximately 97 San Mateo Deputy Sheriffs which settled for approximately $180,000; *Horton, et al. v, County of Sacramento,* an FLSA collective action involving 175 Sacramento Probation Officers and Probation Assistants which settled for approximately $170,000; *Black, et al, v. City of Marysville*, a wage and hour collective action brought pursuant to the FLSA involving approximately 15 plaintiffs which settled for approximately $120,000; *Agdipa v. Grant Joint Union High School District*, a wage and hour collective action certified pursuant to the FLSA involving approximately 17 plaintiffs which settled for approximately $46,000; *Orr v. Montague, DeRose & Associates LLC, et al.* an individual wage and hour case brought pursuant to the FLSA and state labor law which successfully settled for $75,000; *Mountain View Firefighters v. City of Mountain View*, a wage and hour case brought pursuant to the FLSA involving approximately 60 Mountain View Firefighters which settled for approximately $550,000; *Valentine, et al. v. Sacramento Metropolitan Fire District*, a court approved FLSA settlement of approximately $1,376,000 involving over 500 plaintiffs; *Aboudara, et al. v. City of Santa Rosa*, a court approved FLSA settlement of approximately $976,000 involving 129 plaintiffs; *Beidleman, et al. v. City of Modesto*, a court approved FLSA settlement of approximately $143,500; *Slezak, et al. v. City of Palo Alto*, a court approved FLSA settlement of approximately $170,000; *Brunker, et. al. v. Bay Area Rapid Transit District*, a court approved FLSA settlement of

---

approximately $300,000; *Knight, et al. v. City of Tracy*, a court approved FLSA settlement of approximately $168,000; *Burris, et al. v. City of Petaluma*, a court approve FLSA settlement of approximately $247,000; *Feyh, et al. v. City of Sacramento*, a court approved FLSA settlement of approximately $180,000; *Quiroz, et al. v. City of Ceres*, a court approved FLSA settlement of approximately $109,000 involving 20 plaintiffs; *Fein, et al. v. City of Benicia*, a court approved FLSA settlement of approximately $118,000 involving 20 plaintiffs; *Seguin. et. al. v. County of Tulare*, a court approved FLSA settlement of approximately $270,000 involving 135 plaintiffs; *Ryan v. Chino Valley Independent Fire District*, Case No. 5:19-cv-01490-JGB-SP, resulting in a court-approved settlement of $1,000,000 for approximately 103 plaintiffs; *Atencio, et. al. v. City of Azusa*, Case No. 5:17-cv-01892-DMG-AGR, a court approved FLSA settlement of over $1,500,000 for approximately 229 employees; *Blanco, et. al. v. City of Rialto*, Case No. 5:17-cv-00994-R-DTB, a court approved FLSA settlement of approximately $2,900,000 for about 226 employees; *Peterson, et al. v. City of Covina* (consolidated with *Ward, et al. v. City of Covina*, Case No. 5:18-cv-00342-DMG-SHK), a court approved FLSA settlement of approximately $500,000 for city employees; *Hilliard, et al. v. City of Upland*, Case No. 5:16-cv-01272-SJO-AFM, a court approved FLSA settlement of approximately $108,500 for 53 plaintiffs; *Schneider, et al. v. City of Upland*, Case No. 5:19-cv-01834-CAS-SP, a court-approved settlement of over $137,000 for approximately 39 former firefighters; *Nevin, et al. v. City of Ontario*, Case No. 5:16-cv-01273-PSG-KK, a court approved FLSA settlement of approximately $82,000 for 16 plaintiffs; and *Walterscheid, et al. v. City of El Monte*, Case No. 5:18-cv-01112-GW-AFM, a court approved FLSA settlement of approximately $238,000 involving 9 plaintiffs, among others. I have also settled an FLSA suit filed by 8 Alameda County Probation Officers against the County of Alameda for over $300,000.

7.    In a case of first impression, I obtained a published opinion overturning a DOL Opinion letter and holding mounted unit police officers are entitled to overtime for feeding, grooming, transporting and training horses maintained at the officers' residences but used for ancillary mounted patrol duties. The case, *Ketchum v. City of Vallejo*, 523 F.Supp.2d 1150 (E.D. Cal. 2007), yielded an aggregate claim of $659,880 settled in 2012 bankruptcy proceedings, pro rata.

8.      Since 2012, I have been a contributing author for the Midwinter Treatise Supplement: The Fair Labor Standards Act published by the American Bar Association, Section of Labor and Employment Law, Fair Labor Standards Act Subcommittee.

9.      I regularly lecture on FLSA issues. On April 10, 2018, I presented at the Peace Officers Research Association of California (PORAC) Issues Symposium 2018 on wage and hour laws and issues affecting public safety employees, titled "FLSA Tactical Training for Law Enforcement: The Basics, Emerging Issues, and Defeating Management Dirty Tricks to Undermine the FLSA at the Table."

10.     On April 21, 2017, I was a speaker at the State Bar of California, Labor & Employment Law Section 23rd Annual Public Sector Conference class titled "Overtime pay for cash in lieu payments to employees? Navigating the complex world of FLSA compliance post *Flores v. City of San Gabriel*."

11.     On or about February 27, 2020, the Daily Journal published an article written by Isaac S. Stevens and myself, titled "Do State Wage Laws Apply to Workers Here for Just a Day." On or about July 9, 2020, the Daily Journal published my article titled "California Labor Laws and Employees Who Work Both in and Out of State." On or about Dec. 29, 2020, the Daily Journal published my article "Ruling Extends 'Home Base' Rule to Apply Labor Code to Oil Rigs."  On or about February 9, 2021, the Daily Journal published my article "Wage Statement Laws for Airline Workers not Preempted."

12.     Plaintiffs are current or former members of the SMUD Public Safety Officers' Association ("PSOA").  The PSOA has a Memorandum of Understanding ("MOU") with Defendant which governs the terms and conditions of employment applicable to employees in the bargaining unit.

13.     In July, 2020, my office initiated communications with Defendant to discuss the FLSA claims of Plaintiffs.  In these communications, our office asserted that Plaintiffs are compensated on a salary basis, not an hourly basis, and are therefore non-exempt under the FLSA and entitled to overtime compensation under the FLSA.  Our office memorialized this assertion in a letter, dated July 30, 2020.

14.     Our office also asserted Defendant failed to properly calculate the regular rate of pay used to determine the Plaintiffs' overtime compensation in violation of the FLSA. Specifically, we asserted that Defendant failed to include payments made in lieu of medical payments, shift differential, out-of-class pay, and other remunerations in the calculation of the regular rate of pay. Those assertions were articulated in a letter which our office sent to Defendant on September 9, 2020.

15.     SMUD implemented changes to its FLSA overtime practices effective July 31, 2020 and issued the Plaintiffs back wages, covering the period of April 27, 2017 to July 30, 2020, on August 21, 2020.

16.     On October 2, 2020, Plaintiffs filed a complaint alleging that Defendant excluded cash in lieu of health benefits, contributions made toward the purchase of health benefits, shift differential pay, temporary upgrade pay, instructor or training officer incentive pay, as well as other remunerations from the calculation of the "regular rate" of pay used to pay overtime. The complaint sought recovery of allegedly unpaid overtime hours and liquidated damages over a three-year statute of limitations period, as well as attorneys' fees and costs.

17.     Our office engaged in settlement discussions with counsel for Defendant, Mr. Randall Hakes and Ms. Lisa Charbonneau. As part of these discussions, the Parties informally exchanged significant amounts of timekeeping and payroll data and presented each other with relevant legal authority in support of our respective positions in order to evaluate my clients' possible range of recovery.

18.     Our communications with Mr. Hakes and Ms. Charbonneau eventually resulted in an agreement in principle to resolve my clients' claims. Subsequent to agreeing to settlement terms, the Parties memorialized their accord in a long-form Settlement Agreement, calculated back pay amounts, checked and double-checked their efforts, and finally reached agreements on all aspects of the settlement. A true and correct copy of the Settlement Agreement and Release ("Settlement Agreement") is attached hereto as "Exhibit A."

19.     The parties agreed to settle their claims for a total settlement amount of $12,400, of which $7,403.87 will be allocated to the Plaintiffs who have a valid FLSA claim according to the

1    schedule attached as Exhibit A to the Settlement Agreement.  The amount paid to each plaintiff is

2    based upon the backpay amounts already issued by Defendants to affected Plaintiffs in response to

3    Plaintiffs' demands preceding this lawsuit.  In short, the settlement provides Plaintiffs with

4    liquidated damages over a three-year statute of limitations, now, without the risk and delay of further

5    litigation.  The parties have agreed that, in exchange for receipt of the total settlement amount of

6    $12,400, Plaintiffs will release their claims and dismiss this case with prejudice.

7         20.    Seven of the Plaintiffs did not receive the back pay issued August 21, 2020 as they

8    did not have valid claims under the FLSA.  In the event this action was to proceed to trial and

9    Plaintiffs prevailed, those seven Plaintiffs would not be entitled to the recovery of liquidated

10   damages.  Those seven Plaintiffs voluntarily agreed to dismiss their actions against Defendant in

11   January and March of 2021 (Dkt. No. 10; Dkt. No. 13).

12        21.    Throughout this litigation, my law firm worked to investigate the claims, defenses,

13   and potential damages to inform the litigation strategy.  My office participated in informal discovery

14   to obtain time and payroll records necessary to assess the potential value of Plaintiffs' claims as well

15   as other documents and information to evaluate Defendant's affirmative defenses.

16        22.    I am familiar with the terms of the parties' Settlement Agreement.  In my experience,

17   the terms of the settlement are fair and reasonable.  My analysis entails a comparison of the amount

18   of the proposed settlement with the amount of damages Plaintiffs would likely recover if successful,

19   appropriately discounted for the risk of not prevailing on each disputed issue.  The settlement

20   amount represents the maximum amount of damages that Plaintiffs could reasonably expect to

21   recover if this matter were to proceed to trial because they are provided full liquidated damages for

22   a three-year recovery period.  As such, the existence of bona fide disputed issues is not necessary

23   for approval.  (*Wagner v. County of Inyo* (E.D. Cal., Oct. 18, 2018, No. 117CV00969DADJLT)

24   2018 WL 5099761, at *3 (*holding*, "[t]he court need not determine whether these issues pose a bona

25   fide dispute in this case.  That is because the parties agree that the proposed settlement amount

26   represents at least 100 percent of what plaintiffs would expect to recover if this case were litigated

27   to judgment.")

28

---

Declaration of David E. Mastagni in Support of          7          *Webster, et al., v. SMUD*
Joint Stipulation                                                   Case No. 2:20-cv-01986-WBS-DB

23.     However, the following bona fide disputes between the parties all necessarily affected the existence and extent of Defendant's liability:

    a.     The parties disputed whether the Plaintiffs are compensated on a salary basis or an hourly basis, which would determine whether Plaintiffs are exempt under the FLSA and therefore entitled to overtime compensation under the FLSA.

    b.     The parties disputed whether the Plaintiffs are entitled to liquidated damages. Because the damages provided in this settlement are liquidated damages, if liquidated damages were denied, Plaintiffs could recover nothing.

    c.     The Parties also disputed the applicable statute of limitations. Plaintiffs asserted Defendant's violations were willful, thus extending the statute of limitations from two to three years. Defendant disagreed, asserting only a two-year statute of limitations applied to Plaintiffs' claim for liquidated damages. Denying a third year of liquidated damages would eliminate one-third of Plaintiffs' recovery period.

24.     Taken together, the terms of the settlement provide the Plaintiffs prompt, significant, and certain recovery, while avoiding legal and factual hurdles that otherwise may have prevented them from obtaining as favorable a recovery.

25.     While I believe my clients' collective claims are meritorious, I am experienced and realistic and understand the outcome of a trial, and any appeals that may follow are inherently uncertain in terms of both outcome and duration. Accordingly, based on my experience in class and collective action litigation, I believe the settlement provides an excellent recovery in light of the risk to Plaintiffs.

26.     Counsel for Plaintiffs worked diligently to minimize time and costs incurred in prosecuting this matter in order to receive a favorable result. In my professional judgment, my associates and I litigated the case efficiently, and the hours we spent were reasonably necessary to its successful resolution. My overall experience and participation in this case has significantly contributed to the result.

27.     I have personally reviewed the itemization of the work performed by my office in the *Webster* case.  The following reflects the work performed by all attorneys and other personnel in this case as of March 17, 2021:

        A.    David E. Mastagni - Partner

               Total Hours: 5.5

        B.    Tashayla D. Billington - Senior Associate

               Total Hours: 24

        C.    Taylor Davies-Mahaffey - Associate

               Total Hours: 0.8

        D.    Patrick R. Barbieri - Paralegal

               Total Hours: 1

        E.    Jon P. Davis – Legal Assistant

               Total Hours: 12.2

28.     In total my office has expended 43.5 hours in this matter, exclusive of time spent finalizing preliminary approval and final approval motions, and attending any hearings arising therefrom.  Moreover, we have not included all of the hours spent likely to be incurred in the administration of the settlement of this case, if approved.

29.     My office incurred costs in the sum of $450.00.  Of that amount, our office paid $400.00 in first appearance fees to bring this action before the court and $50.00 to a registered process server to affect service of Summons, Complaint, and other case initiation documents on Defendant.

30.     The amount allocated by the parties' settlement as attorneys' fees to my office is $4,546.13, which represents approximately 36 percent of the total recovery.

31.     Judges in the Eastern District have previously defined the prevailing rates in the Eastern District to be $540-$695 for partners and $300-490 for associates, based on seniority and experience, and $180 for paralegals, for the purposes of calculating a lodestar to cross-check a common fund recovery.  (*Zakskorn v. Am. Honda Motor Co.*, No. 2:11-cv-02610-KJM, 2015 WL 3622990, at *15 (E.D. Cal. June 9, 2015); see also *Ogbuehi v. Comcast of*

*California/Colorado/Florida/Oregon, Inc.*, No. 2:13-CV-00672-KJM, 2015 WL 3622999, at *12 (E.D. Cal. June 9, 2015) [finding rates of $650 per hour for an attorney with 19 years of experience, $250 per hour for an attorney with two (2) years of experience, and $150-175 per hour for paralegals as reasonable for purposes of calculating a lodestar to cross-check a common fund recovery]; *Emmons v. Quest Diagnostics Clinical Labs, Inc.*, No. 1:13–cv–00474–DAD– BAM, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017) [approving between $370 and $495 for associates, and between $545 and $695 for senior counsel and partners]; *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452 (E.D. Cal. 2013) [awarding between $280 and $560 per hour for attorneys with two to eight years of experience, and $720 per hour for attorney with 21 years of experience]; *Gong– Chun v. Aetna Inc.*, No. 1:09–cv–01995–SKO, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) [awarding between $300 and $420 per hour for associates, and between $490 and $695 per hour for senior counsel and partners.])

32.     Applying the rates previously approved in *Zakskorn* to the hours reasonably expended on this matter to date by my office would result in a range of fees from $10,170.00 on the low end to $15,335.00 on the high end for the two primary attorneys on this matter.

I declare, under the penalty of perjury, under the laws of the United States that the foregoing statements are true and correct, and if called to testify as to these facts, I could and would do so. Executed on April ⎷ , 2021 in Sacramento, California.

By: _____
DAVID E. MASTAGNI

Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between the Sacramento Municipal Utility District ("SMUD") and Plaintiffs Philip Webster, *et al.* (see Exhibit A) ("Plaintiffs") with reference to the following facts (SMUD and Plaintiffs are collectively referred to herein as the "Parties"):

## RECITALS

A.      Whereas, Plaintiffs are employed by SMUD and are members of the SMUD Public Safety Officers' Association, a public employee organization as that term is defined by the Meyers-Milias-Brown Act (Cal. Govt. Code § 3500 *et seq.*);

B.      Whereas, SMUD implemented changes to its FLSA overtime practices effective July 31, 2020, and issued plaintiffs back wages, covering the period of April 27, 2017 to July 30, 2020, in the amount of $7,441.65 on August 21, 2020;

C.      Whereas, on October 2, 2020, Plaintiff Philip Webster filed a putative collective action entitled *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB, in the United States District Court, Eastern District of California ("Action"), alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA") and sought recovery of allegedly unpaid overtime hours, liquidated damages, the three-year statute of limitations for recovery relief, attorneys' fees, and costs ("Complaint"); and

D.      Whereas, by November 3, 2020, additional current SMUD employees had joined the Action; and

E.      Whereas, the Parties have engaged in arms-length settlement negotiations regarding Plaintiffs' FLSA claims, including a face-to-face settlement discussion on October 29, 2020, in an attempt to resolve their differences and evaluate the data relevant to a settlement calculation; throughout the Parties' settlement negotiations, all Parties were, and continue to be, represented by counsel experienced in wage and employment matters; and

F.      Whereas, the Parties wish to avoid the potential uncertainty, expense, and delay of litigation and have therefore, based upon their arms-length negotiations, agreed to a settlement of the Action; and

G.      Whereas, Plaintiffs' claims are in all respects controverted, and the applicability of the FLSA to the facts as alleged in the Complaint, as well as the applicable level of compensation, and all other claims, allegations, and requests for damages are disputed; and

H.      Whereas, the potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of this Agreement are consistent with and within the range of a reasonable result that Plaintiffs might expect to obtain if they prevailed after a trial; and

1

I.      Whereas, as a result of their negotiations, the Parties wish to settle the Action and resolve and release all disputes and claims arising out of the Action against SMUD.

**NOW THEREFORE**, in consideration for the mutual promises and undertakings of the Parties as set forth below, the Parties enter into this Agreement and agree as follows:

1.      Recitals:      The recitals set forth in this Agreement are true and correct and are hereby fully incorporated by reference into this Agreement.  This Agreement affects claims and demands which are disputed, and by executing this Agreement, no Party admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other party or any third party.  Each Party expressly denies liability for any and all claims or demands.  The Parties acknowledge that this is a compromise settlement of a disputed claim or claims.  Moreover, neither this Agreement, nor any part of this Agreement, shall be construed to be nor shall be admissible in any proceeding as evidence of or any admission by any Party of any violation of law, any past practice or any wrongdoing whatsoever.  This document may be introduced in a proceeding to enforce the terms of the Agreement.

2.      Settlement Terms:

(a)     Settlement Amount:     As referenced above, in August 2020, SMUD issued payment of FLSA back wages to Plaintiffs totaling $7,403.87.  Subject to the Court's approval of this Agreement, SMUD shall additionally pay a total of $12,400 in this Action, and this amount shall include all of Plaintiffs' recoveries, attorneys' fees, and costs to settle Plaintiffs' claims and this Action.  The allocation of the Settlement Amount is described below.  Although the Parties do not agree that there is liability regarding Plaintiffs' claims, for purposes of this Agreement, the settlement amount represents the agreed upon amount for all overtime compensation allegedly owed to Plaintiffs and all amounts allegedly owed for liquidated damages, or arising from an alleged three-year statute of limitations for recovery relief, and any and all other damages and/or relief recoverable in the Action, including attorneys' fees, for the full liability period alleged in the Action.

i.      Plaintiffs' Recovery:  The total settlement sum of $7,403.87 is allocated to Plaintiffs as set forth in Exhibit A.  SMUD will provide checks for each of the Plaintiffs no later than 45 days from the Effective Date of this Agreement.  The amount of each check is representative of liquidated damages.  The amount of each Plaintiff's liquidated damages is set forth in Exhibit A. The Parties agree that the payment of liquidated damages to the Plaintiffs is not wages, and therefore the parties believe that such amounts are not subject to federal and state tax withholding requirements, although they are taxable as gross income.  Plaintiffs are encouraged to consult with a tax advisor or attorney to independently determine any federal, state, or local tax consequences of the liquidated damages portion of their settlement amounts as no opinion on any tax matter is expressed herein. Plaintiffs are solely responsible for reporting amounts received as liquidated damages pursuant to this Agreement to any applicable federal,

2

state or local agency as required by law.  The Plaintiffs agree that SMUD is not responsible for any tax liability they may suffer as a result of the liquidated damages being subject to taxation.  SMUD will provide Plaintiffs with an IRS 1099 form regarding their portion of the liquidated damages portion of this settlement as required by law.

ii.  <u>Attorneys' Fees</u>: SMUD shall issue payment in the amount of $4,996.13 to counsel for Plaintiffs, the law firm of Mastagni Holstedt, for attorneys' fees and costs.  The $4,996.13 payment to Mastagni Holstedt is included in the total Settlement Amount of $12,400.  SMUD will issue this payment no later than 45 days from the Effective Date of this Agreement.  Except as provided here, each party will bear its own attorneys' fees and costs.

3.     <u>Dismissal of Pending Action</u>: Each of the Plaintiffs  agree to dismiss with prejudice their claims in the Action, and to withdraw or dismiss any other complaint, claim, grievance, or charge that he or she or his or her representative has filed against SMUD seeking overtime compensation under any legal theory, relating to or arising from the claims raised in this Action, and occurring up to and including the Effective Date of this Agreement.  This Agreement extends to any such complaint, claim, grievance, or charge filed in any state or federal court, with any administrative body, agency, board, commission, or other entity – within SMUD or external to SMUD – whatsoever.

4.     <u>Release of Claims by Plaintiffs</u>:  Plaintiffs accept this settlement, and understand that Plaintiffs' acceptance of this settlement constitutes a full and complete settlement of all claims for back wages against SMUD, under any legal theory, relating to or arising from the claims raised in this Action, that may exist or have existed up to and including the Effective Date of this Agreement, including all claims made in this lawsuit for unpaid wages, liquidated damages and attorneys' fees under the maximum statute of limitations, and Plaintiffs hereby fully, finally and completely release, waive and discharge SMUD, and its officers, agents, employees, successors and assigns from any further claims for back wages under any legal theory, relating to or arising from the claims raised in this Action, occurring up to and including the Effective Date of this Agreement.  Plaintiffs reserve the right to pursue any claims they might have for events occurring after the Effective Date of this Agreement.

All Parties to this settlement understand that this release extends only to all grievances, disputes or claims of every nature and kind, known or unknown, suspected or unsuspected, arising from or attributable to claims related to or arising from this Action up to and including the Effective Date of this Agreement.  The Parties understand that this release does not include claims relating to conduct or activity not relating to or arising from this Action or to any conduct or activity which occurs after the Effective Date of this Agreement.  The Parties understand that this is a compromise settlement of disputed claims, and that nothing herein shall be deemed or construed at any time or for any purpose as an admission of the merits of any claim or defense.

The Parties further acknowledge that any and all rights granted them under section 1542 of the California Civil Code are hereby expressly waived regarding Plaintiffs' FLSA claims

relating to or arising from this Action, up to and including the Effective Date of this Agreement, but not as to other claims.  Section 1542 of the California Civil Code provides as follows:

> SECTION 1542.  GENERAL RELEASE; EXTENT.  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

3.      Knowledge of Parties:  The Parties understand and agree to the settlement, this Agreement, and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily.  Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice.  The Parties have investigated the facts pertaining to the settlement and the Agreement and all matters pertaining thereto as deemed necessary.  The Parties have relied upon their judgment, belief, knowledge, understanding, and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms.  By signing this document and the releases attached as Exhibit B, the Parties signify their full understanding, agreement, and acceptance of the Agreement.

4.      Entire Agreement: This Agreement, Exhibit A, and the Acknowledgement and Release forms for each Plaintiff attached as Exhibit B contain the entire agreement of the Parties regarding this Action.  All prior negotiations made or which have occurred prior to the date of this Agreement are merged into this Agreement.

5.      No Additional Representations: Except for the terms of this Agreement and Exhibits A and B, Plaintiffs and SMUD, respectively, have not relied upon any statement or representation, written or oral, made by any Party, or any of their respective agents, attorneys or any other person, regarding any matter including, but not limited to, the federal or state income tax consequences of the Agreement to any Party.  The Parties expressly acknowledge and agree that they have relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of the Agreement.

6.      Duty to Act in Good Faith:  The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed.  The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement.

7.      Warranty of Non-Assignment: The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

8.    <u>Binding Agreement</u>: The Agreement and all documents referred to herein, shall bind and inure to the benefit of and each of the Parties hereto and their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys, successors, and assigns.  Except as expressly provided herein, this Agreement is not for the benefit of any person not a Party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby.  The Agreement is not intended to constitute a third-party beneficiary contract.

9.    <u>Interpretation and Construction</u>: Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so.  The headings used herein are for reference only and shall not affect the construction of this Agreement.

10.    <u>Governing Law and Venue</u>: The settlement, this Agreement, and the documents referred to herein, shall be interpreted in accordance with the laws of the State of California, and if necessary federal law.  To the extent that any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the Superior Court for the County of Sacramento and/or the United States District Court for the Eastern District of California, to the extent of that Court's jurisdiction.

11.    <u>Breach, Waiver and Amendment</u>: No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach.  Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement.  The Agreement may be amended, altered, modified, or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

12.    <u>Execution</u>: This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

13.    <u>Effective Date</u>: This Agreement shall become effective following execution by the parties, by their counsel, and the approval of the Court.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement and General Release.

April __19__, 2021          **SACRAMENTO MUNICIPAL UTILITY DISTRICT**

By:  Laurie Rodriguez  <small>Digitally signed by Laurie Rodriguez
DN: cn=Laurie Rodriguez, o, ou,
email=Laurie.Rodriguez@smud.org, c=US
Date: 2021.04.19 13:20:50 -07'00'</small>

Lauri Rodriguez
Sacramento Municipal Utility District

**RELEASES OF INDIVIDUAL PLAINTIFFS ARE CONTAINED ON SEPARATE SIGNATURE PAGES ATTACHED AS EXHIBIT B AND INCLUDED HEREIN BY THIS REFERENCE.**

**APPROVED AS TO FORM AND CONTENT:**

April 19, 2021

By: _____
    Randall Hakes
    *Attorney for Sacramento Municipal Utility District*

April 2, 2021                    **MASTAGNI HOLSTEDT, A.P.C.**

By: _____
    Tashayla Billington
    *Attorney for Plaintiffs*

9555355.1 SA010-004

# EXHIBIT A

| | NAME | AMOUNT |
|---|---|---|
| 1 | Barrie, Amadu | $ 194.46 |
| 2 | Bauer, Sean | $ 503.52 |
| 3 | Brown, Tobias | $ 122.80 |
| 4 | Buchert, Mark | $ 81.37 |
| 5 | Carroll, Douglas | $ 290.78 |
| 6 | Chappell, Bill | $ 3.02 |
| 7 | Christensen, Jeremiah | $ 88.05 |
| 8 | Fallstead, Kirk | $ 18.46 |
| 9 | Garland, Terrie | $ 236.54 |
| 10 | Huynh, Son | $ 88.39 |
| 11 | Johnson, Brandon | $ 305.41 |
| 12 | Kincaid, Michelle | $ 85.65 |
| 13 | Kumar, Anil | $ 1,143.62 |
| 14 | Martin, David | $ 166.65 |
| 15 | Mazloom, Hamid | $ 522.25 |
| 16 | Mccoy, Jenna | $ 99.39 |
| 17 | Mcduffie, Louis | $ 450.33 |
| 18 | Mendoza, Albert | $ 24.52 |
| 19 | Miller, Joe | $ 538.59 |
| 20 | Otuhiva, William | $ 399.41 |
| 21 | Sayre, Steven | $ 234.41 |
| 22 | Todd, Roy | $13.39 |
| 23 | Tyner, Jeff | $ 27.62 |
| 24 | Vang, Tou | $ 760.67 |
| 25 | Vasquez, James | $ 102.15 |
| 26 | Vituk, Vlad | $ 245.10 |
| 27 | Vue, Chue | $ 550.77 |
| 28 | Webster, Philip | $ 41.64 |
| 29 | Woodhouse, Stephen | $ 64.91 |
| | **TOTAL** | **$ 7,403.87** |

# EXHIBIT B

**SETTLEMENT AGREEMENT AND RELEASE**

**INDIVIDUAL SIGNATURE PAGE**

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: AMADU BARRIE

Dated: 03/22/21

## SETTLEMENT AGREEMENT AND RELEASE
### INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____Sean M Bauer_____

Dated: _____3/17/21_____

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: ____TOBIAS BROWN_____

Dated: ____03-17-21_____

9555355.1 SA010-004

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____Marc Bushet_____

Print Name: _____MARK BUSHET_____

Dated: _____3-17-2021_____

9555355.1 SA010-004

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature:  _Douglas Carroll_

Print Name:  _DOUGLAS CARROLL_

Dated:  _March 18, 2021_

9555355.1 SA010-004

## SETTLEMENT AGREEMENT AND RELEASE
### INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _Bill Chappell_

Print Name: _BILL CHAPPEL_

Dated: _3/18/21_

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: Jeremiah Christensen

Dated: 3/18/21

## SETTLEMENT AGREEMENT AND RELEASE

## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____KIRK FAUSTEAD_____

Dated: _____3/17/21_____

9555355.1 SA010-004

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _Terrie R. Garland_____

Dated: _17 March 2021_____

## SETTLEMENT AGREEMENT AND RELEASE
### INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _Son Hurnlt_ _____

Dated: _3/17/21_ _____

## SETTLEMENT AGREEMENT AND RELEASE
### INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: ___Brandon T Johnson___

Dated: ___17 March 2021___

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____MICHELLE KINCAID_____

Dated: _____3/18/2021_____

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: ANIL Kumar

Dated: 3/17/2021

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: ___DAVID MARTIN_____

Dated: ___3/17/2021_____

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____HAMID    MAZLOOM_____

Dated: _____3 | 17 | 2021_____

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _Jenna M McCoy_

Print Name: _Jenna M McCoy_

Dated: _3/17/2021_

9555355.1 SA010-004

## SETTLEMENT AGREEMENT AND RELEASE
### INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: Louis E. McDuffie, Jr

Dated: 3, 17, 2021

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____Albert Mendoza_____

Dated: _____3/22/21_____

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____

Dated: _____

## SETTLEMENT AGREEMENT AND RELEASE
### INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _William Otuhiva_

Print Name: _WILLIAM OTUHIVA_

Dated: _03·17·21_

## SETTLEMENT AGREEMENT AND RELEASE
### INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____STEVEN  SAYRE_____

Dated: _____18  MAR  2021_____

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _Roy Todd_____

Dated: _3/17/21_____

9555355.1 SA010-004

## SETTLEMENT AGREEMENT AND RELEASE
### INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____Jeff Tyner_____

Dated: _____3/19/21_____

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _TOU JERRY VANG_____

Dated: _03 / 18 / 2021_____

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____James Vasquez_____

Dated: _____3/18/21_____

## SETTLEMENT AGREEMENT AND RELEASE
### INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____VITWK VLAD_____

Dated: _____3/17/21_____

## SETTLEMENT AGREEMENT AND RELEASE
### INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: ___Chue Neng Vue_____

Dated: ___03/17/2021_____

9555355.1 SA010-004

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: _____ PHILIP WEBSTER _____

Dated: _____ 3/17/21 _____

## SETTLEMENT AGREEMENT AND RELEASE
## INDIVIDUAL SIGNATURE PAGE

I, the undersigned, am employed by the Sacramento Municipal Utility District (SMUD) and am a Plaintiff in this case. I, the undersigned, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above 6 pages, and Exhibits A - B.

I understand that my attorneys, Mastagni Holstedt, and representatives have negotiated a settlement with SMUD to resolve my claim in this case. I have reviewed the individual settlement payment amount that I will receive as set forth in Exhibit A to the Settlement Agreement and understand that my individual settlement payment amount, which is part of SMUD's total payment of $12,400 to Plaintiffs, which includes a payment of attorneys' fees and costs of $4,996.13 that SMUD will pay to my attorneys, Mastagni Holstedt, constitutes a full and complete settlement of all my claims for back wages related to the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB. I accept this settlement as fair and reasonable. Having been afforded the opportunity to consult with counsel, I voluntarily enter into this Settlement Agreement and Release and completely release SMUD under the waiver of rights covered by this Settlement Agreement and Release, and agree to dismiss with prejudice, my claims in the action, *Philip Webster, et al. v. Sacramento Municipal Utility District*, Case No. 2:20-cv-01986-WBS-DB.

I certify under penalty of perjury that the foregoing is true and correct.

Signature: _____

Print Name: STEPHEN WOODHOUSE

Dated: 03/17/2021