Michael D. Youril, Bar No. 285591
myouril@lcwlegal.com
Lisa S. Charbonneau, Bar No. 245906
lcharbonneau@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone:   415.512.3000
Facsimile:   415.856.0306

Randall Hakes, Bar No. 233548
randall.hakes@smud.org
SACRAMENTO MUNICIPAL UTILITY DISTRICT
6201 S Street, Mail Shop B406
Sacramento, California 95817
Telephone: (916) 732-7416
Facsimile: (916) 732-6581

Attorneys for Defendant
SACRAMENTO MUNICIPAL UTILITY DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP WEBSTER, ROY TODD, ALBERT A. MENDOZA, NADINE GRUNEICH, and DAVID MARTIN, on behalf of themselves and all similarly situated individuals,, <br><br> Plaintiffs, <br><br> v. <br><br> SACRAMENTO MUNICIPAL UTILITY DISTRICT, <br><br> Defendant. | Case No.: 2:20-cv-01986-WBS-DB <br><br> **DECLARATION OF RANDALL HAKES IN SUPPORT OF JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE** |

I, Randall Hakes, declare as follows,

1. I am an attorney at law duly licensed to practice in the State of California, and am specifically admitted to practice before the Eastern District of California. I am an attorney of record for the Defendant in this matter, Sacramento Municipal Utility District ("Defendant" or "SMUD"). If called upon to testify, I could and would competently testify to the following facts

1

from my own personal knowledge.

2. I have served as Senior Attorney at SMUD for nearly eight years. Prior to that, I practiced for seven years as an attorney with the law firm of Jackson Lewis LLP, one of the nation's largest law firms specializing in labor and employment law. Prior to that, I worked for approximately three years in the labor and employment group of the Sacramento based law firm of Murphy Austin Adams Schoenfeld, LLP. At both law firms, I was primarily focused on advising clients as to labor and employment matters, including wage and hour issues, and litigating cases as necessary. I have litigated single plaintiff, multi-plaintiff, class action and collective action cases involving wage and hour matters, such as in the present case. As Senior Attorney for SMUD, I am the legal expert to the organization as it relates to wage and hour, equal employment opportunity cases, accommodations and leave management, payroll, benefits, hiring, affirmative action, training, labor, and various other employment matters. I am regularly consulted and involved in employment-related compliance issues, including those arising under the Fair Labor Standards Act (FLSA). When necessary, I oversee and conduct the litigation of labor and employment claims to demonstrate SMUD's compliance with the law. In both my time at SMUD and prior to coming to SMUD, I have addressed numerous assertions of non-compliance with involving various claims under the FLSA.

3. In my capacity as Senior Attorney at SMUD, I have been involved in all aspects of SMUD's assessments of its obligations to pay overtime pursuant to the FLSA and the changes SMUD made related thereto. SMUD, completely of its own accord, has used my skills and experience to help seek out and identify areas of concern as they related to labor and employment matters, even when no concern from its hourly employees has been voiced, as was the case in this matter. I worked with and advised payroll professionals, programmers, labor relations professionals, and more to identify changes needed in SMUD's payroll system as it related to the calculation of overtime and then to fix such miscalculations, all without any employee having to have made a request for such. I was a part of the SMUD team who in the latter part of April and in early May of 2020 alerted SMUD's hourly employees through their labor representative and union/organization leaders of the overtime miscalculation, explained how the necessary

Declaration of Randall Hakes

9605261.1 SA010-004

1 adjustments would be made, and informed them they would receive back pay for the overtime
2 payments due to them looking back three years. I worked with and advised all of the internal and
3 external legal, human resource, and IT professionals involved in executing that project. I have
4 been directly and personally involved in all aspects of this case, including settlement negotiations
5 that preceded this lawsuit, as well as the Parties' more recent settlement discussions.

6       4.     Plaintiffs are employed by Defendant as security officers and are members of a
7 collectively-bargained employee organization at SMUD called the Public Safety Officer's
8 Association ("PSOA"). Plaintiffs are non-exempt employees entitled to premium overtime
9 compensation under the FLSA for hours worked in excess of forty per week.

10       5.     In or about the latter part of April 2020, SMUD informed the Plaintiff's exclusive
11 representatives that SMUD had detected an error in its overtime payments, how the payroll
12 system would be reprogrammed, and that it would voluntarily be making payment to make up for
13 back wages owing pursuant to the error. On July 31, 2020, SMUD adjusted its overtime practices
14 and the method by which it calculates its employees' regular rate of pay to comply with the
15 FLSA's regular rate requirements. Specifically, prior to July 31, 2020, SMUD did not always
16 include sufficient payment per its contractual overtime obligations sufficient to cover the amounts
17 owed pursuant to its obligations under the FLSA's regular rate of pay calculation. SMUD's July
18 31, 2020 payroll adjustment addressed this issue and since then SMUD has been in compliance
19 with the Act.

20       6.     To address its previous overtime calculations which fell short of the regular rate of
21 pay requirements, on August 21, 2020, SMUD issued Plaintiffs back wages covering the period
22 of April 27, 2017 to July 30, 2020 in the amount of $7,441.65—a period in excess of three years.
23 These amounts represent the difference between the overtime compensation Plaintiffs should
24 have received under the FLSA and the overtime wages they were paid, going back to a period
25 greater than the maximum liability period for an FLSA claim, which is three years. The back
26 wage calculation was performed on an individual basis, based on each individual's payroll and
27 timekeeping records. The back wage payments issued in August 2020 were in an amount greater
28 than the amounts possibly owed to Plaintiffs and meet or exceed what the FLSA requires. By

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

3

Declaration of Randall Hakes

9605261.1 SA010-004

voluntarily and in good faith issuing such payments, the August 2020 payments extinguished any remaining liability to Plaintiffs under the FLSA.

7. Proximate in time to the date SMUD issued back payments to Plaintiffs, counsel for Plaintiffs claimed SMUD owed Plaintiffs additional amounts under various legal theories. SMUD rejected and continues to reject all such theories. Nevertheless, SMUD engaged in discussions with Plaintiffs regarding their claims to avoid further expense of a protracted FLSA dispute. Having not yet resolved the matter, in October 2020, Plaintiffs filed suit against SMUD for additional amounts allegedly owed under the FLSA. Nevertheless, the Parties continued settlement discussions.

8. As part of the parties' settlement discussions, I exchanged numerous, lengthy letters with counsel for Plaintiffs on areas of legal dispute. The letters contain points and authorities and thoroughly explored the respective merits of the parties' divergent legal positions. Also as part of the parties' settlement discussions, SMUD provided Plaintiffs with payroll and timekeeping data, explanation of how SMUD calculates overtime and how SMUD calculated Plaintiffs' back payments, and other information pertinent to their claims.

9. On October 29, 2020, I met with counsel for Plaintiffs in an informal settlement conference regarding Plaintiffs' FLSA claims. Although the conference did not resolve the matter, the Parties continued efforts to settle this matter. In December 2020, the parties reached agreement on material terms of settlement. Since that time, the Parties have drafted and finalized a long-form settlement agreement that settles this action to the Parties' satisfaction.

10. As part of the settlement, SMUD will pay Plaintiffs $7,403.87, to be apportioned between the Plaintiffs as set forth in the settlement agreement. The amount paid to each Plaintiff is equal to back overtime payments SMUD voluntarily issued each Plaintiff on August 21, 2020 and represents an amount greater than the possible liquidated damages owed on those amounts. The payments paid in August 2020, together with the payments agreed to in this matter, represent complete relief, i.e. full back pay and an equal amount in liquidated damages which is an amount beyond what the maximum recovery period would allow.

11. Although the Parties dispute whether and to what extent there is liability regarding

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

Plaintiffs' claims, for purposes of the Agreement, the $12,400.00 payment represents the agreed-upon amount for all back overtime compensation allegedly owed to Plaintiffs and all amounts allegedly owed for liquidated damages, arising from an alleged three-year statute of limitations, and any and all other damages and/or relief recoverable in this Action, including Plaintiffs' attorney's fees and costs.

12. As explained further below, the settlement is fair and reasonable in light of the potential damages at issue, as well as the uncertainty, expense and delay of further litigation and the risk of adverse rulings at trial, both of which Defendant seeks to avoid.

13. The agreed-upon settlement amount is based on an understanding that this case will not be further litigated. If the Parties are required to engage in further pre-trial litigation work, the parties legal fees and costs will increase, which may jeopardize this fair and reasonable settlement.

14. The Parties dispute whether and to what extent there is liability regarding Plaintiffs' claims. One of the primary disputes between the Parties in this case is whether SMUD's self-correction in-full of the back wages owed prior to any lawsuit being filed constituted a good faith defense to an award of liquidated damages. Here, the evidence demonstrates that at all times, SMUD has acted in good faith and has taken numerous affirmative acts to assure compliance with the FLSA that would defeat Plaintiffs' willfulness allegations. Another dispute is Plaintiffs' allegation that they are salaried employees rather than hourly employees for purposes calculating the regular rate and they seek a method of calculation that results in higher overtime compensation owed. SMUD correctly treats Plaintiffs as hourly employees and subject to the standard regular rate calculation under the FLSA, as codified by the Department of Labor at 29 C.F.R. 778.110. Although I believe SMUD would likely have prevailed on these issues on a motion for summary judgment or at trial, the cost of litigating these issues would have far exceeded Plaintiffs' recovery – even if Plaintiffs won on all counts.

15. Regardless of SMUD's arguments, settlement of the various bona fide disputes in this lawsuit via compromise has value to SMUD due to the high cost of further litigating these issues. Many of the issues in dispute in this lawsuit are complex, thus litigation of these issues

Liebert Cassidy Whitmore
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105

could be drawn out and would reasonably be expected to be appealed, resulting in significant delay, uncertainty, and great cost to SMUD.

16. Based on my litigation experience, I believe this settlement is fair and reasonable. Both Parties have compromised their positions to arrive at a settlement amount that lies between what Plaintiffs would receive if they had prevailed on the merits of their arguments and what Plaintiffs would receive if Defendant had prevailed on the merits of its argument. Whereas SMUD compromised with regard to liquidated damages in an amount greater than any applicable statute of limitations period would allow, Plaintiffs compromised with regard to the Plaintiffs qualifying as salaried employees.

17. Overall, the settlement agreement reflects significant protection for the Parties against potential risks and costs should the Parties continue to litigate this case. To the extent there could be disputed issues of fact regarding SMUD's defense to its good faith defense, and because this lawsuit involves dynamic areas of the law that are largely unsettled, settlement of this matter now avoids the delay and uncertainty of further litigation, trial, and possible appeals to the Ninth Circuit and beyond.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the 8th day of April, 2021, at Sacramento, California

*Randall J. Hakes*

Randall Hakes